UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID STUDLEY                                    CIVIL ACTION

VERSUS                                           NO. 16-380-JJB-RLB

KIMBERLY HEAD, ET AL.

### ORDER

Before the court is the Notice of Removal (R. Doc. 1) filed on June 10, 2016, and the Amended Notice of Removal (R. Doc. 4) filed on June 21, 2016. The court *sua sponte* notes the potential insufficiency of the removing defendants' allegation of the citizenship of defendants Aon Risk Services, Inc. ("Aon"), Ace American Insurance ("Ace"),[1] Liberty Mutual Group, Inc. ("Liberty"), and intervenor Beckman Coulter, Inc. ("Beckman").

The removing defendants identify Aon, Ace, and Liberty as "foreign companies" as pled in Plaintiff's original Petition. (R. Doc. 1 at 2; R. Doc. 4 at 2). In a motion to remand filed on July 9, 2016, Plaintiff asserts that Liberty is deemed a citizen of Louisiana pursuant to the direct action provision, 28 U.S.C. §1332(c)(1). (R. Doc. 6). In their opposition, the removing defendants assert that Liberty's principal place of business is Massachusetts, but fail to identify Liberty's state of incorporation. (R. Doc. 8 at 2).

The removing defendants allege that Beckman is domiciled in Delaware and has a principal place of business in California. (R. Doc. 1 at 3). They do not, however, identify Beckman's state of incorporation.

---

[1] In support of remand, Plaintiff asserts that while the action was pending in state court, he "filed a Voluntary Motion for Partial Dismissal regarding Defendant, Ace American Insurance Company, and dismissed his claim without prejudice." (R. Doc. 6-1 at 2). The removing defendants did not file any evidence into the record indicating that Ace was dismissed as a defendant.

Based on the foregoing, the removing defendants have not sufficiently alleged the citizenship of the corporate parties Aon, Ace, Liberty, and Beckman. The citizenship of a corporation is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). A corporation's principal place of business is its "nerve center," meaning "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010).

In addition, the court has reviewed the record and find that the removing defendants failed to file with their removal papers "a copy of all process, pleadings, and orders" served upon the removing defendants prior to removal in this action as required by 28 U.S.C. § 1446(a). Accordingly, the Court will require the removing defendants to file with the Clerk "copies of all records and proceedings" in the state court record pursuant to 28 U.S.C. § 1447(b). Accordingly,

**IT IS ORDERED**, pursuant to 28 U.S.C. § 1653, that on or before **September 28, 2016**, the removing defendants shall file an amended notice of removal providing the citizenship of defendants **Aon Risk Services, Inc.**, **Liberty Mutual Group, Inc.**, **and Ace American Insurance Company**, and intervenor **Beckman Coulter, Inc.** by setting forth all citizenship particulars required to sustain federal diversity jurisdiction.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. § 1447(b), that as an attachment of the foregoing amended notice of removal the removing defendants must file copies of all records and proceedings in the state court filed prior to the removal of this action.

Signed in Baton Rouge, Louisiana, on September 15, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**