UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID STUDLEY**                                                             **CIVIL ACTION**

**VERSUS**                                                                              **NO. 16-380-JJB-RLB**

**KIMBERLY HEAD, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 3, 2016.

                                                     _____
                                                     **RICHARD L. BOURGEOIS, JR.**
                                                     **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID STUDLEY**                                                    **CIVIL ACTION**

**VERSUS**                                                                   **NO. 16-380-JJB-RLB**

**KIMBERLY HEAD, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 6). The motion is opposed. (R. Doc. 8). The action was removed based upon diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1 at 3). The issue before the court is whether complete diversity is destroyed as a result of Plaintiff naming his personal uninsured/underinsured motorist carrier as a defendant.

**I.    Background**

On April 27, 2016, David Studley ("Plaintiff") filed his Petition for Damages in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-1 at 3). Plaintiff alleges that his vehicle was struck in the rear by a vehicle driven by Kimberly Head, and he suffered serious personal injuries, extreme mental anguish, and economic damages as a result. (R. Doc. 1-1 at 4). Plaintiff named as defendants Ms. Head; Aon Risk Services, Inc.; ABC Insurance; Eppendorf, Inc.; The Charter Oak Fire Insurance Company ("Charter"); and Ace American Insurance Company. (R. Doc. 1-1 at 3). Plaintiff also named his personal uninsured / underinsured motorist carrier, Liberty Mutual Group, Inc. ("Liberty"), as a defendant. (R. Doc. 1-1 at 3).

While in state court, Plaintiff filed a Voluntary Motion for Partial Dismissal and his claim against Ace American Insurance Company was dismissed without prejudice. (R. Doc. 6-1 at 2).

1

Ms. Head and Charter filed a Notice of Removal on June 10, 2016. (R. Doc. 1). In the Notice of Removal, the removing defendants allege that there is complete diversity between the parties[1] and that the amount in controversy requirement is satisfied. (R. Doc. 1).[2]

On July 9, 2016, Plaintiff moved for remand on the basis that complete diversity does not exist between the parties. (R. Doc. 6-1 at 2).

## II. Arguments of the Parties

In support of remand, Plaintiff argues that complete diversity between the parties is destroyed under 28 U.S.C. § 1332(c)(1) because his insurer is deemed a citizen of the same state as Plaintiff. (R. Doc. 6-1 at 3). Plaintiff alleges that he is a citizen of Louisiana. (R. Doc. 6-1 at 3). Plaintiff argues that because he directly sued Liberty, his personal uninsured / underinsured motorist carrier, this is a direct action governed by the statute. (R. Doc. 6-1 at 3). Thus, Liberty is deemed a citizen of Louisiana, which destroys diversity between the parties. (R. Doc. 6-1 at 3).

In opposition, defendants argue that complete diversity does exist between the parties. (R. Doc. 8 at 1). Defendants argue that Louisiana courts have repeatedly rejected the notion that the inclusion of a plaintiff's personal uninsured/underinsured motorist carrier as a defendant destroys diversity. (R. Doc. 8 at 3). Defendants argue that because Liberty is not a citizen of Louisiana, and the direct action provision does not apply, complete diversity is not destroyed. (R. Doc. 8 at 4).

---

[1] In the Notice of Removal, the removing defendants allege that Plaintiff is a citizen of Louisiana; Ms. Head is a citizen of Texas; and Charter and Eppendorf are citizens of Connecticut. (R. Doc. 1 at 2-3; R. Doc. 3). The removing defendants have also filed several Amended Notices of Removal in an effort to meet their burden of establishing diversity of citizenship. (R. Docs. 4, 15 and 17). The removing defendants assert that Aon is a citizen of Illinois and Liberty is a citizen of Massachusetts. (R. Doc. 17). The citizenship of the fictitious party ABC Insurance is disregarded for the purposes of determining complete diversity. 28 U.S.C. § 1441(b)(1).

[2] The removing defendants allege that "the subrogation claim has paid $39,623.24 in medical and other expenses," Plaintiff has not returned to work, and Plaintiff claims "future medical expenses and future lost earning capacity/income." (R. Doc. 1 at 4-5). Plaintiff does not argue that the amount in controversy requirement is not satisfied.

2

**III.    Law and Analysis**

Diversity of citizenship is governed by 28 U.S.C. § 1332.  Where a "direct action" has been brought against an insurer, § 1332(c)(1) provides:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of — (A) every State and foreign state of which the insured is a citizen . . . .

If the instant action is a direct action pursuant to § 1332(c)(1), Liberty is deemed to be a citizen of Louisiana, the state of which its insured is a citizen.  However, if the instant action is not a direct action, Liberty is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1).  As alleged in the Amended Notice of Removal, Liberty would be deemed a citizen of Massachusetts — its state of incorporation and location of its principal place of business.  Complete diversity would be maintained.

For the purposes of § 1332(c)(1)(A), a direct action exists when "a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability [insurer] without joining the insured and without having first obtained a judgment against the insured." *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1974) (quoting *Vines v. United States Fidelity & Guaranty Co.*, 267 F. Supp. 436, 437 (E.D. Tenn. 1967)); *see also Hull v. Allstate Ins. Co.*, 682 F. Supp. 867, 868 (M.D. La. 1988) ("Direct action statutes allow a plaintiff to directly sue a foreign insurance company for recovery of benefits under the policy without having first to secure a judgment against the insured.").

Such a direct action must be instituted against the "insurer of a policy or contract of liability insurance." § 1332(c)(1)(A).  Liability insurance indemnifies the insured against "loss or

3

liability on account of bodily injuries sustained by others." *Hernandez*, 489 F.2d at 722. "[A]n uninsured motorists policy is not a 'policy or contract of liability insurance.'" *Id.* at 725.

Plaintiff erroneously assumes that this matter is considered a direct action because he sued Liberty directly. "[T]he Fifth Circuit has observed that simply because an insurance company is a 'direct' party does not make the litigation a 'direct action.'" *Gonzalez v. Government Employees Ins. Group*, No. 99-3707, 2000 WL 235236, at *4 (E.D. La. Feb. 28, 2000) (citing *Evanston Ins. Co. v. JIMCO, Inc.*, 844 F.2d 1185 (5th Cir. 1988)).

"Because a suit on an uninsured motorist policy does not seek to impose liability on the uninsured motorist carrier for the negligence of its insured, it is not a "direct action" under § 1332(c)." *Gonzalez*, 2000 WL 235236, at *4. "Courts in this circuit have repeatedly recognized that a first-party UM policy is not considered *liability* insurance for purposes of § 1332(c)(1), and that an insured's suit against his own UM carrier is likewise not a direct action under the statute." *Earl v. Myers*, No. 10-1885, 2010 WL 4875656, at *1 (E.D. La. Nov. 23, 2010) (citing cases). Similar results can be found in this district. "The Louisiana Direct Action statute 'does not apply to actions such as this where an insured seeks recovery under its own . . . insurance policy.'" *Barrett v. Comeaux*, No. 13-186, 2014 WL 68730, at *4 (M.D. La. Jan. 8, 2014) (citing *Hull v. Allstate Ins. Co., Inc.*, 682 F. Supp. 867, 868 (M.D. La. 1988)).

### IV. Conclusion

Based on the foregoing, the instant action does not qualify as a direct action under § 1332(c)(1)(A). As such, Liberty does not assume Plaintiff's citizenship and diversity of citizenship is present in this matter. Liberty is a citizen of the state in which it was incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). As a result, complete diversity exists between the parties.

## **RECOMMENDATION**

**IT IS THE RECOMMENDATION** of the magistrate judge that the Motion to Remand (R. Doc. 6) be **DENIED.**

Signed in Baton Rouge, Louisiana, on October 3, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**